**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**CENTRAL DIVISION**

| | |
|---|---|
| **JOSEPH LLOYD ELDREDGE JR.,** | **REPORT AND RECOMMENDATION** |
| **Plaintiff,** | |
| **v.** | **Case No. 2:11-cv-539-DS-PMW** |
| **SECURITYNATIONAL MORTGAGE COMPANY; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; TITLE ONE, INC.; and DOES 1-500,** | **District Judge David Sam** |
| **Defendants.** | **Magistrate Judge Paul M. Warner** |

This case has been referred to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C.

§ 636(b)(1)(B).[1]  Before the court are (1) Mortgage Electronic Registration Systems, Inc.'s

("MERS") and SecurityNational Mortgage Company's ("SecurityNational") (collectively,

"Defendants") motions to dismiss and to release lis pendens,[2] and (2) Joseph Lloyd Eldredge Jr.'s

("Plaintiff") motion to amend his complaint.[3]  The court has carefully reviewed the written

memoranda submitted by the parties.  Pursuant to civil rule 7-1(f) of the Rules of Practice for the

---

[1]  *See* docket nos. 23, 26.

[2]  *See* docket nos. 7, 10.  MERS brought a motion to dismiss, and SecurityNational brought its own motion to dismiss.  In its motion, SecurityNational has joined in all of the arguments asserted by MERS in its motion.  Accordingly, the court will consider the two motions to dismiss together.

[3]  *See* docket no. 17.

United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motions on the basis of the written memoranda.  *See* DUCivR 7-1(f).

As an initial matter, the court notes that Plaintiff is proceeding pro se in this case. Accordingly, the court will construe his pleadings and other submissions liberally.  *See, e.g.*, *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).  At the same time, however, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## BACKGROUND

The following background information is taken from the complaint and documents that are either attached to, or referenced in, the complaint.  Accordingly, those documents can properly be considered by the court in deciding Defendants' motions to dismiss.  *See GFF Corp. v. Associated Wholesale Grocers*, 130 F.3d 1381, 1384-85 (10th Cir. 1997).

On or about November 13, 2007, Plaintiff executed a note in favor of SecurityNational in the amount of $405,000.00 ("Note") to acquire property in Utah County, Utah ("Property").  On or about the same date, Plaintiff executed a deed of trust ("Trust Deed") securing the Note that identified SecurityNational as lender, Title One, Inc. as trustee, and MERS as beneficiary and as nominee for the lender and its successors and assigns.

By assignment dated November 9, 2009, MERS assigned its interest in the Trust Deed to BAC Home Loans Servicing, and that assignment was recorded with the Utah County Recorder's Office on November 16, 2009.  Also on November 16, 2009, a substitution of trustee was

2

recorded with the Utah County Recorder's Office, which named ReconTrust Company, NA as

the successor trustee under the Trust Deed.  On the same date, a notice of default and election to

sell was recorded by ReconTrust Company, NA with the Utah County Recorder's Office.

On May 11, 2011, Plaintiff filed this case in state court, and Defendants later removed the

case to this court.

## ANALYSIS

### I.  Defendants' Motions to Dismiss

Defendants' motions seek dismissal of Plaintiff's complaint under rule 12(b)(6) of the

Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 12(b)(6).  In considering a motion to

dismiss under rule 12(b)(6), the court "accept[s] all well-pleaded facts as true and view[s] them

in the light most favorable to the plaintiff."  *Jordan-Arapahoe, LLP v. Bd. of County Comm'rs*,

633 F.3d 1022, 1025 (10th Cir. 2011).  At the same time, the court is not required to accept

conclusory allegations without supporting facts.  *See Bellmon*, 935 F.2d at 1110.

In *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009), the United States Supreme Court

recognized that while the pleading standard contained in rule 8 of the Federal Rules of Civil

Procedure "does not require 'detailed factual allegations,'" it does demand "more than an

unadorned, the-defendant-unlawfully-harmed-me accusation."  *Id*. at 1949 (quoting *Bell Atl.

Corp v. Twombly*, 550 U.S. 544, 555 (2007)).

> A pleading that offers "labels and conclusions" or "a formulaic
> recitation of the elements of a cause of action will not do."  Nor
> does a complaint suffice if it tenders "naked assertion[s]" devoid of
> "further factual enhancement."

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Id*. (quoting *Twombly*, 550 U.S. at 555, 557, 570) (alteration in original).

The *Iqbal* Court went on to note:

> Two working principles underlie our decision in *Twombly*.  First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.  Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.  Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not show[n]--that the pleader is entitled to relief.

*Id*. at 1949-50 (quotations and citations omitted) (second alteration in original).

In their motions to dismiss, Defendants argue that Plaintiff's complaint is based on untenable legal theories and that the court should order the release of any lis pendens Plaintiff has filed in connection with this case.[4]  The court will address those arguments in turn.

---

[4] Although Defendants advance other arguments, the court finds the identified arguments to be dispositive with respect to Defendants' motions to dismiss.  Accordingly, the court will not reach Defendants' remaining arguments.

## A.  Untenable Legal Theories

Plaintiff's complaint purports to assert the following causes of action: (1) declaratory judgment, (2) breach of the duty of good faith and fair dealing, (3) fraudulent inducement, (4) negligent misrepresentation, (5) declaratory judgment that Plaintiff's loan is not in default, (6) declaratory judgment that Plaintiff is an undisclosed third party to an investment contract, and (7) declaratory judgment that the Note and Trust Deed have been securitized.  Defendants argue that all of those causes of action are based on untenable legal theories.  In his response to Defendants' motions to dismiss, Plaintiff has failed to address the substance of any of Defendants' arguments. The court will address Plaintiff's asserted causes of action in turn.

### 1.  Declaratory Judgment

In his claim for declaratory judgment, Plaintiff argues that MERS lacked authority to act as beneficiary and that the alleged securitization of his loan somehow "split" the note from the Trust Deed.  Defendants argue that the bases for that claim are meritless.  For the following reasons, the court agrees.

First, Plaintiff's claim that MERS lacked authority to act as the beneficiary has been repeatedly rejected by this court.  *See, e.g.*, *Marty v. Mortgage Elec. Registration Sys.*, No. 1:10-cv-33-CW, 2010 WL 4117196, at *6 (D. Utah. October 19, 2010) ("[T]here is no reason to conclude that MERS could not contract with Plaintiff and other parties to maintain the power to foreclose despite the conveyance of the ownership of the debt as long as MERS were to act on behalf of those parties who have the ultimate right to collect the debt."); *Foster v. BAC Home Loan Servicing, LP*, No. 2:10-cv-247-TS, 2010 WL 3791976, at *3 (D. Utah Sept. 22, 2010);

5

*Rodeback v. Utah Fin.*, No. 1:09-cv-134-TC, 2010 WL 2757243, at \*4 (D. Utah July 13, 2010);

*Southam v. Lehman Bros. Bank FSB*, No. 2:10-cv-45-TS, 2010 WL 3258320, at \*3 (D. Utah

Aug. 17, 2010); *Burnett v. Mortgage Elec. Registration Sys., Inc.*, No. 1:09-cv-69-DAK, 2009

WL 3582294, at \*4 (D. Utah Oct. 27, 2009) (holding that MERS is able to take any actions

required of the lender, including the assignment of the lender's interest, substitution of the

trustee, and initiation of foreclosure proceedings).  Pursuant to the Trust Deed and case law,

MERS is able to take any action that the lender could, including the assignment of the Trust

Deed, the appointment of a successor trustee, and the initiation of foreclosure proceedings.

Second, Plaintiff's claim about the alleged securitization of his loan has likewise been

repeatedly rejected by this court.  *See, e.g.*, *West v. Mortgage Elec. Registration Sys., Inc.*, No.

2:10-cv-1047, 2011 WL 1321404, at \*2 (D. Utah Apr. 6, 2011) ("Any new contract that is the

result of securitization does not free plaintiffs from the express terms of the deed of trust.");

*Taylor v. Citimortgage, Inc.*, No. 2:10-cv-505-TS, 2010 WL 4683881, at \*3 (D. Utah Nov. 10,

2010); *Witt v. CIT Group/Consumer Fin. Inc.*, No. 2:10-cv-440-TS, 2010 WL 4609368, at \*4 (D.

Utah Nov. 5, 2010).

Finally, Plaintiff's argument that the Note was somehow split from the Trust Deed has

again been repeatedly rejected by courts in this district.  *See, e.g.*, *Christensen v. D Land Title*,

No. 2:11-cv-205-DS, 2011 WL 2312560, at \*2 (D. Utah June 8, 2011); *Webb v. Stearns Lending,

Inc.*, No. 2:11-cv-159-TS, 2011 WL 2014886, at \*1 (D. Utah May 23, 2011); *Witt*, 2010 WL

4609368, at \*4; *Marty*, 2010 WL 4117196, at \*5-6; *King v. Am. Mortgage Network, Inc.*, No.

1:09-cv-162-DAK, 2010 WL 3516475, at *3 (D. Utah Sept. 2, 2010); *Rodeback* 2010 WL
2757243, at *3.

### 2.  Breach of the Duty of Good Faith and Fair Dealing

Defendants argue that Plaintiff's claim for breach of covenant of good faith and fair
dealing fails as a matter of law.  The court agrees.

Plaintiffs purported basis for this claim against MERS is that the Trust Deed was an
"adhesion contract."  However, Plaintiff provides no legal support for this claim.  In addition,
Plaintiff does not allege that MERS impeded his performance under the loan agreement and does
not state any reason why this claim can override the express terms of that agreement.

A claim for breach of the duty of good faith and fair dealing arises when one party to an
agreement impedes the other party's ability to perform and benefits from the nonperformance.
*See Zion's Properties, Inc. v. Holt*, 538 P.2d 1319, 1321 (Utah 1975).  As this court has
repeatedly held, this theory does nothing to aid plaintiffs in default on their contractual loan
obligations.  *See, e.g.*, *Rogers v. Am. Brokers Conduit*, No. 2:09-cv-715-TS, 2009 WL 3584323,
at *5 (D. Utah Oct. 26, 2009); *Swenson v. Nat'l City Mortgage Co.*, No. 2:08-cv-659-TS, 2009
WL 793004, at *4 (D. Utah Mar. 23, 2009).

Plaintiff contends, in a conclusory fashion, that the loan agreement is an adhesion
contract.  That contention is legally unsupportable.  The Trust Deed that Plaintiff executed is not
an adhesion contract, and Plaintiff is bound by each of its terms, including all provisions relating
to MERS's authority.  Here, Plaintiff does not allege that he had no choice but to buy a home or
secure a loan, or that he was forced into signing a Trust Deed that named MERS as beneficiary.

7

Plaintiff also fails to identify any harm flowing from the use of the MERS; on the contrary, any foreclosure-related harm he faces is a direct and foreseeable result of his own default.  In short, he fails to show that the loan agreement was an adhesion contract or that it harmed him.

Additionally, Plaintiff's claim against Defendants also fails because the implied covenant of good faith and fair dealing cannot override express terms that are central to the agreement. *See Peterson v. Browning*, 832 P.2d 1280, 1284 (Utah 1992) ("The covenant of good faith is read into contracts in order to protect the express covenants or promises of the contract, not to protect some general public policy interest not directly tied to the contract's purpose." (quotations and citation omitted)).  Further,   a claim for breach of the duty of good faith and fair dealing is a claim for breach of contract and has "no independent existence outside of the contract." *Peterson & Simpson v. IHC Health Servs., Inc.*, 217 P.3d 716, 722 (Utah 2009).  The covenant "cannot be construed . . . to establish new, independent rights or duties not agreed upon by the parties."  *Sanderson v. First Sec. Leasing Co.*, 844 P.2d 303, 308 (Utah 1992) (alteration in original) (quotations and citation omitted).  Because Defendants complied with terms specifically agreed to in the Note and Trust Deed, which govern the conduct about which Plaintiff complains, Plaintiff has no basis for this cause of action.

### 3.  Fraudulent Inducement

Plaintiff claims that SecurityNational fraudulently induced him into believing that he should stop making his mortgage payments in order to reduce his interest rate through a loan modification.  That claim fails.

Because Plaintiff's claim "is a claim for fraud[,] Plaintiff must also meet the pleading requirements of Federal Rule of Civil Procedure 9(b), which requires that a plaintiff set forth the who, what, when, where and how of the alleged fraud." *Andersen v. Homecomings Fin., LLC*, No. 2:11-cv-332-TS, 2011 WL 2470509, at *8 (D. Utah June 20, 2011) (quotations and citations omitted). Plaintiff has not met this standard. Even taking as true Plaintiff's main allegation concerning his fraudulent inducement claim, "this fact alone does not demonstrate a representation sufficient to satisfy the high pleading bar for fraudulent misrepresentation." *Id*.

### 4. Negligent Misrepresentation

Plaintiff next claims that SecurityNational allegedly made negligent misrepresentations concerning the loan modification process and Plaintiff's ability to repay his loan. For the following reasons, those claims lack merit.

First, as Plaintiff was required to do with his claim for fraudulent misrepresentation, he must meet the heightened pleading requirements of rule 9(b). Plaintiff has failed to do so. Plaintiff's allegations contain only conclusory statements that SecurityNational made fraudulent statements and misrepresentations during the parties' dealings with one another. *See Heaton v. Am. Brokers Conduit*, 2:11-cv-531-TS, 2011 WL 3734201, at *5 (D. Utah Aug. 24, 2011) (concluding that the plaintiff's negligent misrepresentation claims failed because he did not meet the heightened pleading requirements of rule 9(b), and he "fail[ed] to make any distinction among the various [d]efendants and only offer[ed] conclusory allegations that [d]efendants made fraudulent statements during the course of the parties' dealings").

Second, this court has held that "under Utah law, a lender does not owe a borrower any fiduciary duties, including such alleged duty to investigate Plaintiff's ability to repay a loan." *Rhodes v. Wells Fargo Home Mortgage*, No. 2:10-cv-393-TS, 2010 WL 3222414, *4 (D. Utah Aug. 16, 2010). Furthermore, as this court has noted,

> [a]lthough a fiduciary duty may be created between a lender and a borrower depending on specific facts surrounding the transaction[,] Plaintiffs have not alleged facts that would indicate that the relationship here is different from the arms-length relationship of the typical borrower and lender. Furthermore, Plaintiffs were necessarily in the best position to know whether they would be able to repay the loan.

*Dohner v. Wachovia Mortgage FSB*, 2:11-cv-276-DS, 2011 WL 4064067, at *3 (D. Utah Sept. 13, 2011) (quotations and citations omitted) (second alteration in original).

### 5. Declaratory Judgment Concerning Default

In this claim, Plaintiff seeks an order from the court declaring that his loan is not in default. Notably, however, Plaintiff admits in various other portions of his complaint that he did in fact default on his loan. Nevertheless, Plaintiff argues that he cannot be in default under the loan because the final maturity date of the loan is listed on the Trust Deed as December 1, 2037. This argument directly contradicted by the plain language of the Note Plaintiff executed, which indicated that he would be in default if he did not make his monthly payments on the loan in a timely manner. Furthermore, the maturity date of the loan was accelerated in November 2009 because Plaintiff was in default on his loan. As such, the entire amount of the loan is now due and owing and is in default. Accordingly, the court concludes that this claim has no factual or legal support.

### 6. Declaratory Judgment Concerning an Investment Contract

Defendants argue that Plaintiff's claim that his loan agreement constitutes an "investment contract" likewise lacks any basis in law or fact.  The court agrees.

This claim is based on Plaintiff's unsupported assumption that any instrument with a maturity date exceeding nine months must be considered an "investment contract" and his bald assertion that "there is no note."  First, there is a Note, bearing Plaintiffs signature.  Second, the exclusion of short-term notes from the statutory definition of a "security" in 15 U.S.C. § 78c in no way implies that any note exceeding nine months in duration is automatically considered an investment contract.  Finally, a contractual agreement to purchase real estate, without more, does not give rise to an investment contract.  *See DeMarco v. LaPay*, No. 2:09-cv-190-TS, 2009 WL 3855704, at *5 n.53 (D. Utah Nov. 17, 2009).  Plaintiff's loan agreement here was likewise limited to a simple sale of property, and Plaintiffs citation to federal securities law provides no basis for him to challenge the terms to which he agreed.

### 7. Declaratory Judgment Concerning Securitization

As explained above, Plaintiff's claim about the alleged securitization of his loan has been repeatedly rejected by this court.  *See West*, 2011 WL 1321404, at *2; *Taylor*, 2010 WL 4683881, at *3; *Witt*, 2010 WL 4609368, at *4.  Accordingly, the court concludes that this claim fails as a matter of law.

### B. Conclusion on Motions to Dismiss

Based on the foregoing, the court concludes that Defendants' motions to dismiss should be granted and that Plaintiff's complaint should be dismissed with prejudice.

### C.  Lis Pendens

As part of their motions to dismiss, Defendants request that the court order the release of any lis pendens filed by Plaintiff in connection with this action.  The court should order such a release if "the court finds that [Plaintiff] has not established by a preponderance of the evidence the probable validity of the real property claim that is the subject of the notice."  Utah Code § 78B-6-1304(2)(b).  The court has concluded that Defendants' motions to dismiss should be granted and that Plaintiff's complaint should be dismissed with prejudice.  Accordingly, Plaintiff has no basis for a lis pendens, and any such lis pendens that has been filed in connection with this action should be released from the public record.  *See id.*

### II.  Plaintiff's Motion to Amend Complaint

Plaintiff's motion for leave to amend his complaint is governed by rule 15(a)(2) of the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 15(a)(2).  Under that rule, "[t]he court should freely give leave" to amend pleadings "when justice so requires."  *Id.*; *see also Foman v. Davis*, 371 U.S. 178, 182 (1962).  However, even under this liberal standard, "the district court may deny leave to amend where amendment would be futile.  A proposed amendment is futile if the complaint, as amended, would be subject to dismissal."  *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004) (quotations and citation omitted).  The decision about whether to provide a party leave to amend pleadings "is within the discretion of the trial court."  *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quotations and citation omitted).

For the following two reasons, the court concludes that Plaintiff's motion to amend should be denied.  First, Plaintiff did not attach a proposed amended complaint to his motion, or

even set forth the specific amendments to his complaint that he hopes to make.  Because he has failed to provide the Court with an adequate explanation of his proposed amendment, the court is unable to ascertain whether allowing him to amend his complaint would be appropriate.

Second, even if Plaintiff had filed a properly supported motion, the court should deny his request to amend as futile.  Based on the consistent, repeated rejection of the main legal theories underlying his complaint, as discussed above, the court concludes that his claims could not be salvaged by any amendment.  Because providing Plaintiff with leave to amend his complaint would be futile, his motion should be denied.

## CONCLUSION AND RECOMMENDATION

In summary, **IT IS HEREBY RECOMMENDED** that:

1.     Defendants' motions to dismiss[5] be **GRANTED**, and Plaintiff's complaint be dismissed with prejudice.

2.     The court order that any lis pendens Plaintiff has filed in connection with this action be released from the public record.

3.     Plaintiff's motion to amend his complaint[6] be **DENIED**.

* * * * *

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The parties

---

[5] *See* docket nos. 7, 10.

[6] *See* docket no. 17.

13

must file any objection to this Report and Recommendation within fourteen (14) days after

receiving it.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Failure to object may constitute

waiver of objections upon subsequent review.

      DATED this 24th day of January, 2012.

                 BY THE COURT:

                 _____

                 PAUL M. WARNER
                 United States Magistrate Judge

14